IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROWDY WILLIAMS, a/k/a GANXSTA NIP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-05-183 |
| RIP RECORDS, a/k/a REST IN PEACE RECORDS, BLACK MARKET RECORDS, INC., and SELECT O HITS MUSIC, INC., | § § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss (Documents # 6 & 24) filed by RIP Records, Black Market Records, Inc., Select O Hits Music, Inc., Anthony Singleton, and Cedric Singleton.[1] Having considered the motion, submissions, and applicable law, the Court determines the Defendants' motion should be denied at this time.

## BACKGROUND

Defendants RIP Records, Black Market Records, Inc., Select O Hits Music, Inc., Anthony Singleton of RIP Records, and Cedric Singleton of Black Market Records,

---

[1]Black Market Records, Inc. filed for Chapter 7 bankruptcy relief on March 1, 2002 in the United States Bankruptcy Court for the Eastern District of California.  However, this Order does not affect the bankruptcy stay.

Inc. (collectively, "Defendants") filed this motion asking the Court to dismiss Plaintiff Rowdy Williams's, a/k/a Ganxsta NIP ("Williams"), complaint for lack of subject matter jurisdiction and improper venue.[2]  *See* FED. R. CIV. P. 12(b)(1), (3).

On February 10, 2005, Williams filed his amended complaint, alleging breach of contract, fraud, conspiracy to commit fraud, and civil conspiracy against Defendants. Williams's allegations stem from a music recording contract executed by Anthony Singleton of RIP Records and entered into by Williams.  The contract provides that Williams would record an album and RIP Records would re-record and distribute copies of that album to the public.  Further, the contract contains a forum-selection clause, stating:

> This Agreement shall be deemed to be executed in the State of California and shall be construed in accordance with the laws of said State.  In the event of any disputes related to or arising under this Agreement, the parties agree to submit such dispute to the jurisdiction of the state and federal courts located in Los Angeles County.

In his amended complaint, Williams alleges diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).  Diversity of citizenship exists as Defendants are either citizens of California or have their principal place of business in California and Williams is a citizen of Texas.  Williams also alleges damages in excess of $6.5 million, without

---

[2]The Court notes the pleadings list Plaintiff as Rowdy Williams while the docket sheet states Randy Williams.

providing any detail.  Williams's amended complaint is devoid of any statement that venue in the Southern District of Texas is proper.

On March 4, 2005, Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction and improper venue.  Defendants allege the amount in controversy is inflated in bad faith and, based on the contract's forum-selection clause, venue in the Southern District of Texas is improper.[3]

## LAW & ANALYSIS

A.    *Subject Matter Jurisdiction*

Defendants challenge subject matter jurisdiction based on diversity.  Defendants do not dispute that the parties are of diverse citizenship.  Rather, Defendants only challenge the good faith nature of Williams's amount in controversy, specifically $6.5 million.  Defendants allege Williams's amount is a bad faith attempt to meet the jurisdictional amount and the amount is speculative.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  *See* FED. R. CIV. P. 12(b)(1).  The Court may find subject matter jurisdiction lacking by examining: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

_____

[3]Defendants re-filed their motion to dismiss on July 26, 2005.

3

plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the plaintiff must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

When the amount in controversy is put at issue, the general rule remains that the burden is on the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Where a plaintiff pleads a certain amount of damages in good faith, that amount controls unless it can be demonstrated "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). When the jurisdictional amount is challenged by the defendant, the burden rests upon the plaintiff to prove facts demonstrating the amount in controversy is met. *McNutt*, 298 U.S. at 189. Mere allegations will not satisfy the plaintiff's burden. *See id.*

In Williams's amended complaint, he alleges damages in excess of $6.5 million. Defendants challenge this amount, stating the amount is speculative at best and is merely asserted to exceed the jurisdictional amount. Because Defendants challenge the

amount in controversy, it is Williams's burden to prove facts demonstrating the amount in controversy has been met.  *Id.*

Williams asserts in his response that his alleged amount controls because it was pleaded in good faith.  While this assertion is correct for uncontested jurisdictional amounts, it is not correct concerning amounts that are subject to challenge.  *See id.* Williams's conclusory reassertion that the amount pleaded controls will not survive Defendants' challenge.  *Id.*  Therefore, because Williams has not met his burden of demonstrating that the Court has subject matter jurisdiction, the Court cannot adjudicate the merits of Williams's complaint.

Generally, in the interest of justice, a court would allow the party to amend his complaint in order to assert facts demonstrating the validity of the amount in controversy, which is the prevailing judicial policy concerning problematic amounts in controversy.  *See* 14B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3702, 30 (3d ed. 1998).  Therefore, the Court determines Williams should amend his complaint to adequately state facts establishing the amount in controversy.

B.    *Venue*

Defendants also raise the issue of improper venue.  Thus, the Court must also determine whether the Southern District of Texas is the appropriate forum in which to

5

evaluate Williams's amended complaint.  Defendants ask the Court to dismiss or transfer Williams's complaint, contending the proper venue is not the Southern District of Texas, but, rather, the County of Los Angeles ("LA County") pursuant to the forum-selection clause in the parties' recording contract.  Williams responds that the forum-selection clause is not valid because it is unconscionable, fraudulently induced, and, in the alternative, if found valid, permissive.

      1.    *Validity of the Forum-Selection Clause*

Defendants claim the forum-selection clause is valid and should be enforced to require suit in LA County.  Under federal law, forum-selection clauses are presumed valid.[4]  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997).  However, the presumption of validity can be surmounted by showing the forum-selection clause is "unreasonable." *M/S Bremen*, 407 U.S. at 10.  Unreasonableness may be established by demonstrating the forum-selection clause violates public policy, robs the plaintiff of his day in court, deprives the plaintiff of any remedy, or was incorporated into the contract by fraudulent means.  *Haynsworth,* 121 F.3d at 963.  The party trying to invalidate a forum-selection clause bears a "heavy burden of proof."  *M/S Bremen*, 407 U.S. at 17.

_____

[4]Even in diversity cases, federal law governs issues concerning forum-selection clauses.  *See Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997) (citing *Int'l Software Sys. v. Amplicon, Inc.*, 77 F.3d 112, 114-15 (5th Cir. 1996)).

a.   *Unconscionability of Contract and Forum-Selection Clause*

To attack Defendants' motion to dismiss, Williams first alleges the forum-selection clause is unreasonable because the contract "as a whole" is unconscionable. Unconscionability is not usually a cognizable avenue to attack the validity of forum-selection clauses under federal law.  *See Haynsworth*, 121 F.3d at 963 (listing the reasons a forum-selection clause could be "unreasonable") (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *Bremen*, 407 U.S. at 12-13, 15, 18). However, unconscionable forum-selection clauses found to violate public policy can sometimes be classified as "unreasonable," but the claim of unconscionability must be directed at the forum-selection clause *itself*.  *See Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301-02 (5th Cir. 1998).  Attacks on the contract as a whole will not suffice.  *Id.*

Here, Williams attacks the unconscionability of the contract as a whole and never specifies how the provision itself is unconscionable.  Moreover, the facts Williams uses to demonstrate unconscionability only describe the entire contract and not the forum-selection clause itself.  Thus, Williams's claim that the contract "as a whole" is unconscionable is not a cognizable claim against the validity of the forum-selection clause.  *See id.*  However, in an abundance of caution, the Court addresses the merits of Williams's challenge of unconscionability.

7

Unconscionability has both procedural and substantive facets.[5]  *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000).  These dual facets need not be present in the same degree; instead, a sliding scale is employed such that if one type of unconscionability is extreme, then the other need not be especially prevalent in order to invalidate the contract term.  *Id.*  Procedural unconscionability occurs when the moving party presents evidence of his own ignorance or inexperience in addition to the non-moving party's overreaching.  *Id.*  Substantive unconscionability occurs when the terms of the contract are extremely one-sided or oppressive.  *Id.*

Williams claims Defendants, having more than ten years experience in the music industry, "took complete advantage" of him in the contract negotiations, thereby constituting procedural unconscionability.  However, Williams makes no proffer of evidence concerning his personal ignorance or inexperience.  Defendants' ten years in the music industry is insufficient evidence alone to demonstrate procedural

---

[5]Because unconscionability is governed by state law and this is a diversity action, the Court usually undertakes a conflict of law analysis to determine which state's law to apply, Texas or California.  *See, e.g., Arkwright-Boston Mfrs. Mut. Ins. Co. v. Westinghouse Elec. Corp.*, 844 F.2d 1174, 1184 (5th Cir. 1988) (construing Texas contract law to determine if contract clauses are unconscionable).  Because the issue of unconscionability is resolved similarly when applying either Texas or California contract law, the Court will not undertake such conflict of law analysis.  *Compare Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000) (stating the party claiming unconscionability must show both procedural and substantive unconscionability) *and Wade v. Austin*, 524 S.W.2d 79, 86 (Tex. Civ. App.--Texarkana 1975, no writ) (same).  As called for by the contract, the Court references California law.

unconscionability because the Court needs to compare Williams's experience with that of Defendants.  Therefore, absent other evidence to establish Williams's ignorance or inexperience, the Court finds no procedural unconscionability concerning either the forum-selection clause or the contract as a whole.

Williams also claims the entire contract was one-sided, benefitting only Defendants, which constitutes substantive unconscionability.  Williams points to the forum-selection clause itself as evidence of the one-sided nature of the contract.  If the Court were to accept Williams's contention that forum-selection clauses make contracts one-sided, then the Court would necessarily have to find *all* contracts containing similar forum-selection clauses unenforceable on the basis of substantive unconscionability. The nature of contract law is for each party to receive bargained for benefits.  *See* RESTATEMENT (SECOND) OF CONTRACTS § 17 (1981).  In exchange for, among other things, the forum-selection clause, Defendants obligated themselves to provide Williams his bargained for benefit, specifically the distribution of his album and proceeds therefrom.  A cursory reading of the contract demonstrates it was not one-sided or oppressive and does not constitute substantive unconscionability because both parties bargained for benefits and obligated themselves to perform.  *See Armendariz*, 6 P.3d at 690.  There was neither procedural nor substantive unconscionability present in the contract or forum-selection clause.  Thus, the forum-selection clause is not

invalid due to unconscionability.  *See Afram Carriers, Inc.*, 145 F.3d at 301.

      b.    *Fraudulence of Contract and Forum-Selection Clause*

      Williams also attacks the motion to dismiss by claiming the forum-selection clause is unreasonable because the contract "as a whole" was fraudulently induced. *See Haynsworth*, 121 F.3d at 963 (indicating forum-selection clauses can be invalidated on the ground that it was fraudulently induced).  However, the claim of fraudulent inducement must be specific to the forum-selection clause.  *Id.*  "[A]llegations of such conduct as to the contract as a whole--or portions of it other than the [forum-selection] clause--are insufficient; the claims of fraud . . . must be aimed straight at the [forum-selection] clause in order to succeed."  *Id.*

      Williams asserts fraud as to the contract in its entirety.  Such broad allegations of fraud are insufficient to invalidate a forum-selection clause.  *See id.*  The only mention Williams makes to the forum-selection clause itself alleges Defendants chose LA County because Defendants were not residents of LA County, and, therefore, Defendants could avoid suit altogether.  Williams argues, because Defendants are not residents of LA County, they would not be subject to the jurisdiction of the state courts in LA County or the Southern District of California.  Williams incorrectly concludes the only forum provided for in the contract would not have jurisdiction over Defendants, and, thus, they could avoid suit altogether.  Williams's allegation is

10

misguided because the forum-selection clause effectively consents Defendants to the forum of LA County.  Therefore, the allegation of fraud cannot invalidate the forum-selection clause.  *See id.*

    2.       *Mandatory or Permissive Nature of the Forum-Selection Clause*

As an alternative to Defendants' contention that the forum-selection clause is enforceable, Williams alleges the clause is permissive, making other venues proper. Forum-selection clauses can be either mandatory or permissive.  *See City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004).  Mandatory forum-selection clauses require the suit be brought only in the named forum.  *See id.* Permissive forum-selection clauses allow the suit to proceed in the named forum, but do not mandate that the named forum is the exclusive forum for the suit.  *See id.*

The wording of the forum-selection clause is crucial in determining if the forum-selection clause is mandatory or permissive.  *Compare Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5th Cir. 1974) (finding permissive a forum-selection clause stating: "This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York") *with Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14-15 (5th Cir. 1995) (finding mandatory a forum-selection clause stating: "This contract shall be interpreted and construed in accordance with the laws of the State of Texas.  The legal

venue of this contract and any disputes arising from it shall be settled in Dallas County, Texas."). The issue becomes whether the clause permits or requires suit in the named forum. *Keaty*, 503 F.2d at 957. The language of the clause "must clearly demonstrate the parties' intent to make [the forum] exclusive." *City of New Orleans*, 376 F.3d at 504.

Williams asserts the language in the forum-selection clause makes it permissive. The Court agrees as the forum-selection clause contains no limiting language. No terms analogous to "must," "exclusive," or "only" are present in the parties' forum-selection clause. The forum-selection clause states "the parties agree to submit to . . . the jurisdiction of the state and federal courts located in Los Angeles County." Thus, the forum-selection clause permits LA County to be a forum for the case, but does not require it. There is no language clearly demonstrating the parties' intent to make LA County the exclusive forum for this case, making the forum-selection clause permissive in nature.

 3. *Proper Venue for the Case at Bar*

Because the forum-selection clause at issue is permissive, venue may be proper in several forums.[6] For civil actions based on diversity, venue is proper in:

---

[6]For example, LA County is a proper venue because the valid forum-selection clause permits, but does not require, it as a forum.

> (1) a judicial district where any defendant resides, if all defendants reside
> in the same State, (2) a judicial district in which a substantial part of the
> events . . . occurred . . . , or (3) a judicial district in which any defendant
> is subject to personal jurisdiction at the time the action is commenced, if
> there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2000).  Proper venue is not required to be proven by the plaintiff in the initial complaint.  *See* 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3826, 257 (2d ed. 1986).  However, when a defendant challenges the propriety of the plaintiff's chosen venue, the burden of proof is placed upon the plaintiff to establish that venue is proper.  *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1047-48 (S.D. Tex. 2000); *see also* WRIGHT, *supra*, § 3826, at 259.

Defendants challenge Williams's choice of venue in the Southern District of Texas.  It is Williams's burden to establish that venue is proper.  *Id.*  In his response to the motion to dismiss, Williams does not meet this burden.  While Williams correctly alleges the forum-selection clause is permissive, he makes no allegation that venue in the Southern District of Texas is proper as is required.  *Id.*

Courts can allow a party an opportunity to amend his complaint to support the contention that venue is proper.  *See, e.g., Brown Sch., Inc. v. Florida Power Corp.*, 806 F. Supp. 146, 148 (W.D. Tex. 1992) (referencing a previous order allowing a party to amend to assert venue).  Accordingly, in the interest of justice, the Court will allow Williams to amend his complaint to demonstrate, pursuant to 28 U.S.C. § 1391(a) and

(c), that venue in the Southern District of Texas is proper.

CONCLUSION

The Court determines Williams failed to adequately demonstrate that his amount in controversy was pleaded in good faith.  Additionally, Williams failed to show the Southern District of Texas is an appropriate venue for this case.  In the interest of justice, the Court will not dismiss or transfer the case, but will permit Williams to amend his complaint and address these two deficiencies.  Should Williams fail to properly plead either of these items in his amended complaint, Defendants may file a subsequent motion to dismiss.  Accordingly, the Court hereby   O R D E R S   t h a t Defendants' Motion to Dismiss (Documents # 6 & 24) is DENIED at this time.  The Court further

ORDERS Plaintiff Rowdy Williams to file an amended complaint by August 29, 2005.

SIGNED at Houston, Texas, on this 9th day of August, 2005.

_____

DAVID HITTNER

United States District Judge

14

15